UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MILKA THOMAS, | Civil Action No.: 19-13108 |
| | Honorable Laurie J. Michelson |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 13, 14]

Plaintiff Milka Thomas appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 14] be **GRANTED**;
- Thomas's motion [ECF No. 13] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.   **BACKGROUND**

A.   **Thomas's Background and Disability Applications**

Born in May 1954, Thomas was 62 years old at the time of her alleged onset date in January 2015. [ECF No. 11-3, PageID.116-117]. She applied for disability insurance in July 2016. [ECF No. 11-5, PageID.198]. Thomas had previous work as a phlebotomist, benefits clerk, and general clerk. [ECF No. 11-2, PageID.52; ECF No. 11-3, PageID.125-126]. She claimed to be disabled due to advanced osteoarthritis degenerative disease, left hip impairment, and sclerosis. [ECF No. 11-3, PageID.116-117].

After the Commissioner denied her disability application initially, Thomas requested a hearing, which took place in May 2018, and during which she and a vocational expert (VE) testified. [ECF No. 11-2, PageID.60-114]. In an October 2018 written decision, the ALJ found Thomas not disabled. [*Id.*, PageID.43-55]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Thomas timely filed for judicial review. [*Id.*, PageID.35-37; ECF No. 1].

### B.     The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1] *Id*. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*. At the final step, the Commissioner reviews the claimant's RFC, age,

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

education, and work experiences, and determines whether the claimant could adjust to other work. *Id*. The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Thomas was not disabled. At the first step, she found that Thomas had not engaged in substantial gainful activity since January 2015.[2] [ECF No. 11-2, PageID.48]. At the second step, the ALJ found that Thomas had the severe impairments of "osteoarthritis and degenerative joint disease of the hips and sacroiliac joints, and osteoarthritis and degenerative disc disease of the lumbar spine." [*Id.*, PageID.48-49]. The ALJ determined that Thomas's impairments of hypertension and obesity were non-severe. [*Id.*, PageID.49]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*].

Between the third and fourth steps, the ALJ found that Thomas had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a)

---

[2] Thomas served school lunches from 2016 through 2018, but the ALJ found that her earnings from that job were not enough to make it substantial gainful employment. [ECF No. 11-2, PageID.48].

4

except:

> [She] can only occasionally climb stairs, or ramps; she can occasionally crouch, crawl, kneel, stoop, and bend; she cannot climb ropes, scaffolds, or ladders; she must avoid hazards; and she must avoid extreme temperatures, and pulmonary irritants.

[*Id*.]. At step four, the ALJ found that Thomas could perform her past relevant work as a benefits clerk. [*Id*., PageID.52-54]. The ALJ thus concluded Thomas was not disabled. [*Id*., PageID.54].

## II. ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Thomas argues that the ALJ's step four finding was legally insufficient and unsupported by substantial evidence. The Court disagrees and recommends that the ALJ's decision be affirmed.

**B.**

Thomas argues that the ALJ failed to develop the record "regarding the effect that a 14 year period would have on the ability to satisfactory perform the job duties of a benefit clerk." [ECF No. 13, PageID.467-479]. She asserts that the "elapse of time of over 14 years supports a conclusion that plaintiff no longer possessed the proficiencies or abilities to perform work as a benefits clerk," thus not constituting past relevant work. [*Id.*, PageID.468].

If an ALJ finds at step four that a claimant can perform her past relevant work, that finding is usually dispositive. "The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally sufficient for a finding of 'not disabled.'" SSR 82-62, 1982 WL 31386 (Jan. 1, 1982). The ALJ must carefully consider the claimant's past work experience to ensure that the available facts support a conclusion about the claimant's ability to perform the functional activities required for that prior work. *Id.*

6

In deciding what constitutes past relevant work, the ALJ usually considers only work the claimant performed in the past 15 years.  "'Past relevant work' is defined as work claimants have done within the past fifteen years that is 'substantial gainful activity' and that lasted long enough for the claimant to learn to do it." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)(1)); *see also* 20 C.F.R. § 404.1565(a).  Even so, the 15 years is "not a bright-line rule but a guide intended to help the Secretary avoid concluding that a claimant who has worked in a job requiring certain marketable skills retains marketable skills after the workplace has changed in its requirements."  *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 109 (6th Cir. 1989) (citing under § 404.1565(a)).

Thomas worked as a benefits clerk for nine months in 2003 for a company called Flex Ben.  [ECF No. 11-6, PageID.258].  She testified that she assisted customers with their flexible spending accounts; entered payment information; used a computer, phone, and fax; and knew the available benefits.  [ECF No. 11-2, PageID.53, 79-80].  Thomas was laid off from her position, as were 20 other employees.  [*Id.*, PageID.85-86]. She believed that the layoffs were because of outsourcing, not poor performance.  [*Id.*].

The ALJ concluded that Thomas's work as a benefits clerk was past relevant work because she performed it "within the past 15 years," it rose to the level of substantial gainful activity, and she performed long enough to learn to do it. [ECF No. 11-2, PageID.53, citing 20 C.F.R. §§ 404.1560(b)(1), 404.1565, and 404.1572]. Based on Thomas's description of her duties, the VE classified her work as benefits clerk II. [*Id.*, PageID.53, 105]. The VE further opined that such a job had a learning period of "three to six months" and could be performed by someone of Thomas's RFC, age, education, and work experiences. [*Id.*, PageID.106-107].

After considering Thomas's and the VE's testimony, the ALJ concluded that the "job duties described by the claimant are sufficiently similar to the job of benefits clerk as described by the Dictionary of Occupational Titles" and whether the job duties have changed since she last performed them was "not dispositive of whether the claimant could perform her past work." [*Id.*, PageID.54]. An ALJ may rely on VE testimony to find that a claimant can perform work if that testimony follows an accurate hypothetical question. *Kendrick v. Astrue*, 886 F. Supp. 2d 627, 638-39 (S.D. Ohio 2012); *Ahmad v. Comm'r of Soc. Sec.*, No. 3:19-CV-134, 2020 WL 5651562, at *3 (S.D. Ohio Sept. 23, 2020). Thomas

does not challenge the accuracy of the hypothetical posed to the VE.[3]

Instead, she emphasizes her disagreement with the VE's testimony, but her disagreement does not show reversible error. She states without evidence that her "job skills and abilities eroded over the 14 year gap." [ECF No. 13, PageID.472]. But courts have held that prior work "performed fourteen years ago is not too remote to qualify as past relevant work." *Sandidge v. Comm'r of Soc. Sec.*, No. 2:18-CV-00065-SKL, 2019 WL 2346906, at *9 (E.D. Tenn. May 31, 2019) (collecting cases).

Nor does Thomas show reversible error by challenging the ALJ's finding that Thomas worked as a benefits clerk "long enough for [her] to learn to do it." [ECF No. 11-2, PageID.53]. "[E]ven if plaintiff performed the job for a short time, it can still be considered 'past relevant work' absent evidence that it does not otherwise satisfy the definition of 'past relevant work.'" *Leverette v. Comm'r of Soc. Sec.*, No. 10-10795, 2011 WL

---

[3] Thomas makes an underdeveloped argument that the ALJ erred by not including in her decision a finding "about the number of days [she] would miss from work" and "about the amount of time [she] would be off task." [ECF No. 13, PageID.470, 478]. She cites the VE's testimony that being "off task more than 10% of the workday" would be preclusive. [*Id.*]. But Thomas does not show that the record supports that she would miss work or be off task. These arguments are waived. *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th Cir. 2018); *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019).

4062380, at *7 (E.D. Mich. Aug. 17, 2011), *adopted*, 2011 WL 4062047 (E.D. Mich. Sept. 13, 2011).  Prior work lasting only a few months can constitute past relevant work.  *Id.* (collecting cases).  And here, the VE testified that someone with Thomas's experience could perform work as a benefits clerk, and that the learning period for that position is three to six months.  [*Id.*, PageID.106-107].

Thomas bears the burden of proving that her impairments prevented her from performing the duties of a benefits clerk.  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009).  She does not sustain her burden by merely disagreeing with the VE's testimony that she could perform that work.  The ALJ's decision should be affirmed.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 14] be **GRANTED**; that Thomas's motion [ECF No. 13] be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Dated: February 19, 2021

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2021.

                                          <u>s/Karri Sandusky on behalf of</u>
                                          MARLENA WILLIAMS
                                          Case Manager