UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILKA THOMAS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 19-13108
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14], AND AFFIRMING THE DECISION OF THE COMMISSIONER**

Milka Thomas suffers from advanced osteoarthritis degenerative disease, left hip impairment, and sclerosis and claims these conditions prevent her from working full-time and make her legally disabled. Thomas applied for disability insurance benefits from the Social Security Administration in 2016, but her application was denied. Thomas then filed this lawsuit challenging the Commissioner of Social Security's determination that she is not disabled. Magistrate Judge Elizabeth A. Stafford, to whom all pretrial matters were referred, recommends affirming the Commissioner's decision. Thomas objects to that recommendation. As will be explained, the Court will overrule Thomas' objection and accept the Magistrate Judge's recommendation to grant the Commissioner's motion for summary judgment and affirm the Commissioner's disability determination.

I.

Milka Thomas applied for disability insurance benefits in July 2016, about a year-and-a-half after the alleged onset of her disability at age 62. (ECF No. 11-3, PageID.116–117; ECF No. 11-5, PageID.198.) Thomas claimed to be disabled due to advanced osteoarthritis degenerative disease, left hip impairment, and sclerosis. (ECF No. 11-3, PageID.116–117.) Although Thomas had previously worked as a phlebotomist, benefits clerk, and general clerk, she had not engaged in substantial gainful activity since January 2015. (ECF No. 11-2, PageID.48, 52; ECF No. 11-3, PageID.125–126.)

After the Commissioner denied her disability insurance application, Thomas requested a hearing. At the May 2018 hearing, both Thomas and a vocational expert testified. (ECF No. 11-2, PageID.60–114.) In October 2018, the administrative law judge (ALJ) issued a written decision finding Thomas not disabled (*Id.* at PageID.43–55.) The ALJ reasoned that despite her conditions, Thomas could still perform her past relevant work as a benefits clerk. (*Id.* at PageID.52–54.) After the Appeals Council denied review, Thomas filed this lawsuit seeking judicial review of the Commissioner's decision. (*Id.* at PageID.35–37; ECF No. 1.) Each side filed a motion for summary judgment. (ECF Nos. 13, 14.) Magistrate Judge Stafford issued a Report recommending that the Court grant the Commissioner's motion and affirm the Commissioner's decision under sentence four of 42 U.S.C. § 405(g). (ECF No. 15.) Thomas objected to the recommendation (ECF No. 16), and the Commissioner filed a response (ECF No. 17).

II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In conducting de novo review in this case, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and complies with the procedural rules governing disability determinations. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

III.

Thomas raises one objection to the magistrate judge's report and recommendation. Thomas takes issue with the magistrate judge's finding that the ALJ properly considered the effect of the passage of 14 years since Thomas had last worked as a benefits clerk on her ability to perform the job at the time of the hearing. (ECF No. 16, PageID.513.) But Thomas already raised this argument in her summary judgment motion. (ECF No. 13,

PageID.468, 472–477.) And Judge Stafford fully considered, and ultimately rejected, this argument. (ECF No. 15, PageID.506–510.)

The Court agrees with Judge Stafford's analysis and conclusion. Judge Stafford notes that an ALJ typically considers only work the claimant performed in the past 15 years in deciding what constitutes "past relevant work." (ECF No. 15, PageID.507.) So Thomas' work as a benefits clerk 14 years prior fits within the relevant period of consideration. Judge Stafford points out that the ALJ considered a number of factors to conclude that Thomas could still perform her past work as benefits clerk. (*Id.* at PageID.508.) The ALJ concluded, based on the testimony of the vocational expert, that a benefits clerk has a learning period of three to six months and "could be performed by someone of Thomas' RFC, age, education, and work experiences." (*Id.* (citing ECF No. 11-2, PageID.106–107.).) The ALJ also explicitly stated that "whether the job duties have changed since she last performed them was 'not dispositive of whether the claimant could perform her past work.'" (*Id.* (quoting ECF No. 11-2, PageID.54.).) Judge Stafford explains that the ALJ properly considered the relevant evidence which was required to conclude that Thomas could still perform her past work as a benefits clerk. (*Id.* at PageID.509–510.) Finally, Judge Stafford reasoned that "Thomas bears the burden of proving that her impairments prevented her from performing the duties of a benefits clerk" (*id.* at PageID.510 (internal citation omitted)) and had failed to meet that burden.

Thomas does not raise in her objection any defect in Judge Stafford's reasoning, but simply disagrees with her conclusion. "Merely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an

objection." *Smith v. Comm'r of Soc. Sec.*, No. 15-CV-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)).

## IV.

Because Judge Stafford already fully addressed the arguments that Thomas presents in her objection, her objection (ECF No. 16) is OVERRULED, and the report and recommendation (ECF No. 15) is ADOPTED.

Because the Commissioner's decision to deny Thomas' application for disability insurance benefits is supported by substantial evidence, Thomas's motion for summary judgment (ECF No. 13) is DENIED, the Commissioner's motion for summary judgment (ECF No. 14) is GRANTED, and the ALJ's decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated: March 26, 2021

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE